# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEMINI INSURANCE COMPANY, *ET AL.*,<br><br>　　　　Defendants. | Case No.  3:13-cv-02931-BAS(DHB)<br>**ORDER:**<br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 8); AND**<br>**(2) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

On December 6, 2013, Plaintiff The Insurance Company of the State of Pennsylvania ("Plaintiff") commenced this action against Defendants Gemini Insurance Company ("Gemini"), La Jolla Pacific Development Group, and Montecito Foothills, LLC seeking declaratory judgments pursuant to 28 U.S.C. §§ 2201(a) and 2202, and Rule 57 of the Federal Rules of Civil Procedure, and equitable subrogation and equitable indemnity.  On February 20, 2014, Gemini moved to dismiss Plaintiff's complaint for failure to join all necessary and indispensable parties pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the following

reasons, the Court **DENIES** Gemini's Motion to Dismiss. However, pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure, the Court **ORDERS** Plaintiff to file an amended complaint adding Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments LLC, Deca, LP, and Midwest General, Inc. as parties.

## I.  BACKGROUND

Gemini provides primary liability insurance coverage for construction projects in California. (ECF No. 1 ("Compl.") at ¶¶ 5, 12, 25.) Gemini issued a primary commercial general liability policy to Montecito Canyons & Provence, LLC ("Montecito Canyons"), No. CNGP001092, related to two projects, the Provence Project and The Canyons Project (hereinafter the "Gemini Montecito Policy"). (*Id.* at ¶ 12 & Ex. A.) Montecito Canyons is the First Named Insured under the Gemini Montecito Policy. (*Id.*) Other Named Insureds on the Gemini Montecito Policy for the Provence Project in Foothill Ranch, California include: Montecito Investment Company, LLC; Montecito Property, LLC; Montecito Acquisition Corporation; Lyon Management Group, Inc.; Lyon Realty Advisors, Inc.; Lyon Capital Ventures, LLC; all contractors and subcontractors enrolled in the Owner Controlled Insurance Program; Montecito Foothills, LLC; Montecito Foothills I, LLC; Provence Apartments, LLC; Montecito Provence Limited Partnership; and Montecito Provence, LLC. (*Id.* at Ex. A (ISOP 0023).) The Gemini Montecito Policy provides limits in the amount of $2 million per occurrence, $2 million general aggregate, $2 million Products-Completed Operations aggregate, and includes a $100,000 per occurrence Self-Insured Retention ("SIR"). (*Id.* at ¶ 12 & Ex. A (ISOP 0003, 0059-61).)

On or about May 5, 2011, legal proceedings were commenced against Montecito Foothills, LLC in Orange County Superior Court related to the Provence Project, and Gemini was notified of the claim ("Montecito Action"). (*Id.* at ¶¶ 11, 14-16.) The plaintiff in the Montecito Action is seeking damages in excess of $17

million.  (*Id*. at ¶ 22.)  Gemini exercised its right to defend, appointed defense counsel, and has been defending the Montecito Action since at least June 2011.  (*Id*. at ¶ 17.)  Gemini has been defending its insureds in the Montecito Action "subject to the right to obtain reimbursement of or seek an offset for the policies' … $100,000 per occurrence SIR."  (*Id*. at ¶ 18.)

Gemini issued a separate Commercial General Liability policy to La Jolla Pacific Development Group, Inc. ("La Jolla Pacific"), No. CNGP001023, related to the La Jolla Project (hereinafter "Gemini La Jolla Policy").  (*Id*. at ¶ 25 & Ex. C.)  La Jolla Pacific is the First Named Insured on the Gemini La Jolla Policy.  (*Id*. at ¶ 25 & Ex. C (ISOP 0106).)  Other Named Insureds include Ninth Avenue Joint Venture, LP, Deca, LP, and all contractors and subcontractors enrolled in the Owner Controlled Insurance Program.  (*Id*. at ¶ 25 & Ex. C (ISOP 0106, 0172).)  The Gemini La Jolla Policy provides limits in the amount of $2 million per occurrence, $2 million general aggregate, $2 million Products-Completed Operations aggregate, and includes a $100,000 per occurrence SIR.  (*Id*. at ¶ 25, Ex. C (ISOP 0103, 0140-42).)

At some point prior to July 2010, the Deca Owners Association, Deca 34, and James Dax (collectively the "Deca HOA") notified La Jolla Pacific of alleged defects in the La Jolla Project ("La Jolla Action").  (*Id*. at ¶¶ 24, 27.)  The Deca HOA seeks damages from La Jolla Pacific and Deca, LP in excess of $4 million.  (*Id*. at ¶ 32.)  Gemini acknowledged notice of the constructive defect action and agreed to defend La Jolla Pacific.  (*Id*. at ¶ 29.)  Gemini appointed defense counsel and has been defending the La Jolla Action since at least July 2010.  (*Id*. at ¶ 30.)

Plaintiff issued its own excess liability policies to Montecito Foothills, LLC and to La Jolla Pacific.  (*Id*. at ¶¶ 13, 26.)  These policies provide coverage in excess of Gemini's policies.  (*Id*.)  Montecito Foothills, LLC and other named insureds seek indemnification from Plaintiff related to the Montecito Action.  (*Id*. at ¶ 13.)  La Jolla Pacific and Deca, LP seek indemnification from Plaintiff related to

the La Jolla Action. (*Id.* at ¶ 26.) Plaintiff contends that it has no duty to defend under the policies, but must pay defense costs upon proper exhaustion of the policy limits for covered claims set forth in Gemini's policies. (*Id.* at ¶¶ 13, 26.) Plaintiff asserts that its policies "only respond[] if, and only if, the underlying Gemini Policy properly exhausts its Limits for covered claims." (*Id.* at ¶ 39.)

Plaintiff alleges that Gemini's liability limits apply only in excess of the SIR and the SIR required under the policies "cannot be insured or reinsured or be paid for by any entity other than the insured responsible for the SIR." (*Id.* at ¶¶ 42-43.) Plaintiff alleges that under Gemini's policies the First Named Insured is the party responsible for paying the SIR and that other insureds "are prohibited from paying SIRs on behalf of the First Named Insured." (*Id.* at ¶ 43.) Plaintiff also contends that "Gemini only has a duty and obligation to defend its insureds once the applicable SIR amounts have been satisfied by the First Named Insured for each and every occurrence." (*Id.*) Plaintiff alleges that "[i]n the Montecito Action, neither the First Named Insured or any other insured has satisfied even one SIR, and in the La Jolla Action, an insured other than the First Named Insured placed $100,000 in a trust account, even though the First Named Insured is an active entity." (*Id.* at ¶ 43.)

Plaintiff asserts that the policies state that upon receiving notice of an occurrence or claim, Gemini has "the right, but no obligation, in all cases, at [its] own expense, to assume control or defense of any claim, and upon [its] written request the implicated insured shall pay to [Gemini] all or any portion of the [SIR it] deem[s] reasonable or necessary." (*Id.* at ¶¶ 42, 44.) Plaintiff further alleges that in the two underlying actions, "Gemini exercised its right to defend and assumed control of the defense prior to satisfaction of the applicable number of SIRS, but is eroding its Limits by the payment of defense expenses as if it had a duty to defend." (*Id.* at ¶ 44.) Plaintiff contends that the applicable SIR must be satisfied for each and every occurrence before Gemini has any obligation to defend

its insured and each separate proximate cause of property damage for which the plaintiffs in the Montecito Action and La Jolla Action seek damages constitutes a separate occurrence. (*Id.* at ¶ 46.)

By this lawsuit, Plaintiff seeks a determination regarding proper exhaustion of Gemini's limits. (*Id.* at ¶ 47.) Specifically, Plaintiff asks the Court to determine and declare that (1) Gemini has no duty or obligation to defend its insureds unless and until the applicable per occurrence SIR amounts are satisfied by the responsible insured, pursuant to the express provisions of Gemini's policies; (2) Gemini's duty to defend has yet to arise in the Montecito Action and La Jolla Action; (3) until such time as Gemini has a duty to defend, it may exercise its right to defend, but while exercising its right to defend, all defense expenses and indemnity payments made by Gemini are at Gemini's own expense and do not erode Gemini's Limits, pursuant to Gemini's policies; (4) Plaintiff never has a duty to defend any insured, and only has a duty to pay defense expenses and/or a duty to indemnify its insureds for damages because of property damage caused by an occurrence upon proper exhaustion of the underlying Gemini policy and all other available insurance; (5) the First Named Insured's bankruptcy, insolvency or inability to pay the SIR does not require Plaintiff to drop down and pay defense expenses and/or make indemnity payments that are within Gemini's insurance area, including its per occurrence SIR requirement; (6) Gemini may not withdraw from the defense of its insureds based on the alleged exhaustion of its Limits during the course of this litigation, which seeks a determination regarding proper erosion and/or exhaustion of Gemini's policies; and (7) each distinct proximate cause of alleged property damage in the Montecito Action and La Jolla Action for which the plaintiffs seek recovery constitutes a separate occurrence. (*Id.* at ¶¶ 52-53, 57, 61-62, 65, 69.)

Plaintiff further asks the Court to determine and declare the specific number of occurrences alleged to have caused property damage for which the plaintiffs in the Montecito Action and La Jolla Action seek recovery. (*Id.* at ¶ 74.) Plaintiff also

1 asserts claims for equitable subrogation and equitable indemnity. (*Id*. at ¶¶ 77-87.)

2 Prior to this action, Plaintiff filed a similar complaint against Gemini in the United States District Court for the District of Connecticut. (*Id*. at ¶ 3.) The Connecticut district court dismissed the case allegedly due to failure to join the First Named Insureds as necessary and indispensable parties. (*Id*.) Plaintiff then re-filed its complaint with this Court and named as additional defendants the First Named Insured under the Gemini La Jolla Policy and a named insured under the Gemini Montecito Policy. (*Id*. at Exs. A & C.) Plaintiff seeks no relief from these defendants. (*Id*. at ¶ 3.)

Gemini now moves the Court to dismiss Plaintiff's complaint for failure to join indispensable parties. Gemini argues that Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments LLC, Deca, LP, and Midwest General, Inc. are necessary and indispensable parties. Plaintiff opposes, maintaining that it has joined all necessary parties.

## II. LEGAL STANDARD

A party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). In relevant part, Federal Rule of Civil Procedure 19(a) provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.... If a person has not been joined as required, the court must order that the person be made a party…. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a).

A three-step analysis is used to determine if a party is required to be joined under Rule 19. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, a court must determine whether a nonparty should be joined under Rule 19(a). *Id*. Rule 19(a) provides a two-pronged inquiry for determining whether a party is "necessary." *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (citing *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir.1991)). The court must initially determine "whether complete relief can be afforded if the action is limited to the existing parties." *Id*. (citations omitted). The court must next determine "whether the absent party has a legally protected interest in the subject of the action and, if so, whether the party's absence will impair or impede the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest." *Id*. (citation and internal quotation marks omitted). "If the answer to either of those questions is affirmative, then the party is necessary and 'must be joined.'" *Id*. (citing Fed. R. Civ. P. 19(a)(1)). The Rule 19(a) inquiry "is a practical one and fact specific." *Id*. (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

Second, a court must determine if it is feasible for the absentee party to be joined such that subject matter and personal jurisdiction is present and venue is proper. *Peabody*, 400 F.3d at 779 (citing Fed. R. Civ. P. 19(a)). Finally, if it is not feasible to join the absent party, under Rule 19(b), a court must decide "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id*.; Fed. R. Civ. P. 19(b). An indispensable party is one which "not only [has] an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id*. at 780 (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1855)); *see also* Fed. R. Civ. P.

Case 3:13-cv-02931-BAS-DHB Document 24 Filed 12/30/14 PageID.1017 Page 8 of 19

19(b).

The factors to be considered by a court in its Rule 19(b) analysis include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

The moving party has the burden to show that dismissal is appropriate. *Makah Indian Tribe*, 910 F.2d at 558. The movant may satisfy the burden by providing affidavits as well as other relevant evidence outside the pleadings. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960); *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

### III. ANALYSIS

Gemini moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join all necessary and indispensable parties. Alternatively, under Rule 19 of the Federal Rules of Civil Procedure, Gemini asks this Court to compel Plaintiff to join "at least a representative group of insureds under each insurance policy at issue, or dismiss this action if joinder is not possible." (Mot. at pp. 1-3.)

Gemini argues that the rights of the absentee insureds under the Gemini Montecito Policy and the Gemini La Jolla Policy could be severely prejudiced by any declarations rendered by this Court. (Mot. at p. 7.) Specifically, Gemini contends that the Court's determinations could force Gemini to withdraw its defense of several absentee insureds named in the Montecito Action and the La Jolla Action until all SIRs are paid, and/or force the absentee insureds to pay multiple SIRS before any coverage attaches. (Mot. at pp. 12-16.) Gemini further argues that the failure to join the absentee insureds could lead to further litigation

– 8 – 13cv02931

down the road leading to inconsistent interpretations of the same policies. (*Id.*) Plaintiff argues in response that "Gemini fails to explain what rights the insureds have under the Gemini Policy with regard to the relief sought by [Plaintiff]." (Opp. at p. 9.) Plaintiff contends that this Court can accord complete relief between Plaintiff and Gemini without joining any absentee insureds. (Opp. at p. 10.)

### A. Necessary Parties

The Court must initially determine whether complete relief can be afforded if the action is limited to the existing parties, or if disposing of this action without absentee parties which claim an interest, as a practical matter, impairs or impedes the absentee party's ability to protect the interest or leaves the existing parties subject to the substantial risk of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The parties disagree on whether complete relief can be afforded without the absentee insureds under the Gemini Montecito Policy and the Gemini La Jolla Policy, and whether the absentee insureds claim an interest in this lawsuit. Gemini is particularly concerned about the absentee insureds named as defendants in the Montecito Action and the La Jolla Action. Those insureds include Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments, LLC, Deca, LP, and Midwest General, Inc. (*See* ECF No. 9-14 ("Parry Decl.") at ¶¶ 3-10, Exs. 1 and 2.) These entities are both named defendants in the Montecito Action and the La Jolla Action and named insureds under the Gemini Montecito Policy and Gemini La Jolla Policy. (*Id.*; Compl. at Ex. A (ISOP 0023-24); Ex. C (ISOP 0106, 0172).)[1]

---

[1] The Court takes judicial notice of the complaints filed in the Montecito Action and the La Jolla Action and the transcript for the oral argument on Gemini's motion to dismiss in the Connecticut action. *See* Fed. R. Evid. 201(b), (c); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *Gozzi v. Cnty. of Monterey*, 2014 WL 6988632, at *5 (N.D. Cal. Dec. 10, 2014).

1   For purposes of this motion, the parties' dispute centers around who is
2 responsible for paying the SIR. Plaintiff argues that "pursuant to Gemini's plain
3 and unambiguous policy language, the first named insured (which has been named
4 [in this action]) is responsible for the SIR amounts, … and the insureds do not have
5 the right to a defense where no SIR amounts have been paid." (Opp. at p. 13, lines
6 22-26.) Thus, Plaintiff argues, only the First Named Insureds may be affected by
7 any ruling by this Court in this action. Gemini contends, on the other hand, that
8 "[w]hile the first named insured is responsible for the SIR, Gemini has the right to
9 seek reimbursement of the SIR from an insured implicated in the underlying claim."
10 (Reply at p. 3.) "Thus, all insureds, not only the first named insureds, have an
11 interest in this action." (Reply at p. 4.) In order to determine whether the absentee
12 insureds have any interest in this lawsuit, and whether complete relief can be
13 afforded if the action is limited to the existing parties, the Court finds it appropriate
14 to examine whether Gemini may recover the SIR from any of the implicated
15 insureds, or solely from the First Named Insured.

16   Under California law,[2] contract interpretation is a matter of law for the

---

[2] A federal court sitting in diversity must apply state substantive law and federal procedural law. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). California, the forum state, ordinarily examines the scope of a choice-of-law provision in a contract under the law designated in that contract. *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal.4th 906, 916 n. 3 (2001). Absent an express choice of applicable law by the parties, as is the case here, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Welles v. Turner Entm't Co.*, 503 F.3d 728, 738 (9th Cir. 2007) (citing Cal. Civ. Code § 1646); *see also Rutherford v. FIA Card Servs., N.A.*, 2012 WL 5830081, at *3-4 (C.D. Cal. Nov. 16, 2012) (applying test to determine "most significant relationship to the transaction and the parties" in the absence of an express choice of law provision). The policies concern construction projects and insureds in California. Thus, the Court finds it

judiciary. *See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir. 1992); *Palmer v. Truck Ins. Exch.*, 21 Cal.4th 1109, 1115 (1999). "The ordinary rules of contract interpretation apply equally to contracts of insurance." *Am. Alternative Ins. Corp. v. Sup. Ct.*, 135 Cal.App.4th 1239, 1245 (2006). In California, "[a]ny contract must be construed as a whole, with the various individual provisions interpreted together so as to give effect to all, if reasonably possible or practicable." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 473 (1998) (citing Cal. Civ. Code § 1641; Cal. Code Civ. Proc. § 1858; 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 686, pp. 619–620). "Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." *Id.* (citations omitted); *see also Palmer*, 21 Cal.4th at 1115 (a court must "give effect to every part of the policy with each clause helping to interpret the other" (internal quotations and citations omitted)). In addition, when interpreting a policy provision, "[t]he words of a contract are to be understood in their ordinary and popular sense … unless used by the parties in a technical sense, or unless a special meaning is given to them by usage." Cal. Civ. Code § 1644; *see also Palmer*, 21 Cal.4th at 1115.

"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *City of Atascadero*, 68 Cal. App. 4th at 473 (citing Cal. Civ. Code § 1636); *see also Palmer*, 21 Cal.4th at 1115. The mutual intention of the parties may be "determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent acts and conduct of the parties." *Id.* at 474 (citations

---

appropriate to apply California law. *See Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal.App.4th 1436, 1461-62 (2007).

omitted).

The relevant sections in Gemini's policies, which are contained in the respective SIR Endorsements, state:

> 1. Under this endorsement, for purposes of determining which insured shall be responsible for the Self Insured Retention, the first named insured shall have the obligation and is ultimately responsible for paying the Self Insured Retention.
> …
> 3. Upon our receiving Notice of any occurrence or claim, we shall have the right, but no obligation, in all cases, at our own expense, to assume control or defense of any claim, and upon our written request the implicated insured shall pay to us all or any portion of the Self Insured Retention we deemed reasonable or necessary.

(Compl. at Exs. A and C, SIR Endorsements at §§ 1, 3.) The plain language of Section 1 of the SIR Endorsement provides that the First Named Insured is responsible for paying the SIR. However, under Section 3, Gemini has the right, at its own expense, to assume control or defense of a claim, and, upon doing so, may request the "implicated insured" to pay all or any portion of the SIR that Gemini deems reasonable or necessary. Gemini thus has the right to front the SIR and seek a reimbursement for the SIR amount from any "implicated insured," not just the First Named Insured.

Plaintiff's interpretation of the SIR Endorsement would make Section 3 superfluous and render it meaningless. Moreover, it would lead to an unworkable result, as is highlighted by the present situation, where the First Named Insured is missing, insolvent, or bankrupt and cannot or will not pay the SIR. To illustrate this point, if the Court were to apply Plaintiff's interpretation to the present case, no named insured would be able to avail itself of Gemini's policies. The First Named Insured under the Gemini Montecito Policy, Montecito Canyons,[3] cannot be

---

[3] The First Named Insured under the Gemini Montecito Policy is Montecito

located, and the First Named Insured under the Gemini La Jolla Policy, La Jolla Pacific, has not paid the SIR. (*See* Compl. at ¶¶ 12, 34, 43.) Only Deca, LP, which is a named insured and is being sued in the La Jolla Action, has paid the SIR. (*See* Compl. at ¶¶ 32, 34, Ex. C at ISOP 0172.) Thus, if Plaintiff's interpretation were correct, Deca, LP cannot pay the SIR, Gemini's coverage (which would only attach once a SIR has been paid) has not kicked in, and Gemini may be within its rights to withdraw its defense, leaving Deca, LP and the other named insured defendants to fend for themselves. This result is not only inequitable, but does not appear to be the mutual intention of the parties.

The mutual intention of the parties can be determined by the subsequent acts and conduct of the parties. *City of Atascadero*, 68 Cal. App. 4th at 473. Here, both Gemini and the named insureds, which are the parties to the contract, have operated under Gemini's interpretation of the SIR Endorsement provisions. Gemini has invoked its right to defend in both underlying actions, subject to the right to obtain reimbursement of or seek an offset for the policies' SIR, and Deca, LP, an implicated insured in the La Jolla Action, placed $100,000 into a trust account to fund the SIR. (Compl. at ¶¶ 30, 34.) Thus, it appears that while Section 1 clarifies for the insureds who is responsible for paying the SIR, Section 3 clearly provides a safety valve for Gemini to step in and assume control, including requesting the SIR from someone other than the First Named Insured, in its discretion.

Interpreting the various contractual provisions so as to give effect to them all, and taking into consideration the parties' apparent mutual intent, it follows that, upon receipt of notice of a claim or occurrence, Gemini is able to recover any portion of the SIR it deems necessary or reasonable from an implicated insured, not

---

Canyons. Plaintiff so alleges in the Complaint, but then named Montecito Foothills, LLC as a Defendant in this action on the basis that it is the First Named Insured and refers to it as such in its motion. Neither party has explained or addressed this inconsistency. With regard to Montecito Foothills, LLC, it is no longer in business and does not have the funds to pay the SIR. (Mot. at pp. 4-5.)

just the First Named Insured. Hence, in addition to the First Named Insureds, Gemini may seek reimbursement of the SIRs from Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments, LLC, Deca, LP, and Midwest General, Inc., who are implicated insureds not named in this lawsuit. The potential liability of these parties may be substantial as Plaintiff seeks a determination that there are multiple separate occurrences in the underlying actions.

Typically, when "the rights involved in litigation arise upon a contract" courts will not determine the rights of some of the parties to the contract if the other parties to the contract are not present. *National Licorice Co., v. N.L.R.B.*, 309 U.S. 350, 363 (1940) (citing *Shields*, 58 U.S. at 139; *Carroll v. New York Life Ins. Co.*, 94 F.2d 333, 335 (8th Cir. 1938)). This is particularly true in an action to set aside a contract, which is what Plaintiff is asking this Court in essence to do as to the absent insureds. *See Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975); *see also Dawavendewa v. Salt River Project Agric. Improvement and Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002) ("[A] party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract."); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999) ("[A] district court cannot adjudicate an attack on the terms of a negotiated agreement without jurisdiction over the parties to that agreement.").

Given the foregoing, the Court finds that it cannot grant complete and meaningful relief between the parties without the absent implicated insureds. *See* Fed. R. Civ. P. (a)(1)(A); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). In addition, the Court finds the declarations Plaintiff seeks in this matter clearly concern the rights and interests of the implicated insureds other than the First Named Insureds, and their rights would be impeded or impaired if they were not named in this lawsuit. Thus, the absent implicated insureds are necessary parties to this action under Rule 19(a)(1)(B)(i).

Furthermore, the Court finds that the absent implicated insureds have an

interest in the controversy such that disposing of the action in their absence would leave Gemini with the substantial risk of incurring inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The substantial risk of the parties incurring inconsistent obligations arises because this judgment would not necessarily preclude the absent insureds from bringing their own suit against Gemini, or even against Plaintiff. Generally, a person is not bound by a judgment to which he or she was not a party. *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (citing *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).[4]

A judgment in favor of Plaintiff, as Judge Chatingy from the U.S. District Court for the District of Connecticut noted, "would be a springboard for litigation involving the insureds." (ECF No. 17-1, Ex. A at Attachment 1, p. 31:23-25.) In particular, a judgment for Plaintiff that declares there are multiple occurrences in the underlying actions may not bar the absent insureds from seeking a declaration that there is only one occurrence. This is because the absent insureds, which undoubtedly would only want to pay one SIR amount, are not parties to this action and thus may not be barred by *res judicata* from bringing future suit.[5] This creates a substantial risk that a future court interprets the policy such that the insureds only have to pay one SIR, which would leave Gemini with inconsistent determinations regarding how many SIRs must be paid before coverage attaches. Thus, the absent insureds are also necessary parties to this action under Rule 19(a)(1)(B)(ii).

///

---

[4] In general, six categories of exceptions exist to this rule; however, none appear to apply here. *See Taylor*, 533 U.S. at 893-96.

[5] Of course, this argument works both ways. If the absent insureds were barred by *res judicata* from bringing suit to argue they only have to pay one SIR before coverage attaches, if the Court were to dispose of this action without the absent insureds, the Court may impair those insureds' ability to protect their interests. If the Court does not join the absent parties as necessary parties at this time then it leaves open the possibility that the absent parties essentially never get their day in court. Therefore, the absent insureds are necessary parties either way.

### B. Feasibility of Joinder

Joinder appears feasible as to Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments, LLC, Deca, LP, and Midwest General, Inc. The absent implicated insureds are subject to service of process and do not appear to destroy subject-matter jurisdiction if joined. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Plaintiff is a Pennsylvania corporation with its principal place of business in New York. (Comp. at ¶ 4.) Gemini is a Delaware corporation with its principal place of business in Connecticut. (*Id.* at ¶ 5.) Montecito Foothills, LLC is a canceled Delaware limited liability company with its principal place of business in Santa Barbara, California. (*Id.* at ¶ 6.) Plaintiff alleges none of the members of Montecito Foothills, LLC are citizens of Pennsylvania or New York. (*Id.* at ¶ 8.) Provence Apartments, LLC is also a cancelled Delaware limited liability company located in Newport Beach, California. (ECF No. 9 at Ex. 3.)[6] Lyon Realty Advisors, Inc. and Lyon Management Group, Inc. are both California corporations located in Newport Beach, California. (*Id.* at Ex. 2.) La Jolla Pacific and Midwest General, Inc. are similarly California corporations with principal places of business in San Diego, California. (Compl. at ¶ 6; ECF No. 9 at Ex. 6.) Deca, LP is a California partnership located in San Diego, California.[7] (ECF No. 9 at Ex. 5.) As none of the Defendants appear to be citizens of Pennsylvania or New York, complete diversity of citizenship would appear to exist if the additional parties were

---

[6] The Court takes judicial notice of records from the California Secretary of State website attached by Gemini to its motion. *See L'Garde, Inc. v. Raytheon Space and Airborne Sy*s., 805 F.Supp.2d 932, 937-38 (C.D. Cal. 2011); Fed. R. Evid. 201(b)(2).

[7] A partnership is a citizen of all the states in which its members are citizens. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 n. 1 (2005) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 189, 192–197 (1990)). This information is currently not available for Deca, LP.

joined.

Moreover, all defendants would be subject to personal jurisdiction and service of process in California and venue is proper in the Southern District of California. A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, not only are several of the named insureds located in San Diego, California, but the La Jolla Action was filed in San Diego Superior Court and relates to a condominium project built in San Diego.

Accordingly, the Court does not need to conduct an analysis under Rule 19(b) to determine if the absent insureds are indispensable because joinder is feasible in this case.

### C.   Collateral Estoppel

Lastly, Gemini raises issue preclusion or collateral estoppel in light of the dismissal by the U.S. District Court for the District of Connecticut. The Court finds collateral estoppel cannot be applied here for the following reasons.

The preclusive effect of a federal court judgment is determined by federal common law. *Taylor,* 553 U.S. at 892. In diversity suits, federal common law incorporates the rules of preclusion applied by the State in which the rendering court sits. *Id*. at 892, n. 4 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp*., 531 U.S. 497, 508 (2001)). Therefore, any preclusive effect of a decision by the Connecticut district court, which sat in diversity, is governed by Connecticut law. *See Taco Bell Corp. v. TBWA Chiat/Day Inc*., 552 F.3d 1137, 1144 (9th Cir. 2009); *Negrete v. Allianz Life Ins. Co. of N. Am*., 2010 WL 4116852, at *3 (C.D. Cal. Aug. 18, 2010); *Cent. Garden & Pet Co. v. Scotts Co*., 2002 WL 1457691 at *2 (N.D. Cal. June 26, 2002).

In Connecticut, collateral estoppel or issue preclusion, "prohibits the relitigation of an issue when that issue was actually litigated and necessarily

1  determined in a prior action." *Conn. Natural Gas Corp. v. Miller*, 239 Conn. 313,
2  324 (1996) (internal quotations and citations omitted); *Aetna Cas. & Sur. Co. v.*
3  *Jones*, 220 Conn. 285, 303, n. 19 (1991) (noting the issue must also be *finally*
4  decided). "For an issue to be subject to collateral estoppel, it must have been fully
5  and fairly litigated in the first action. It also must have been actually decided and
6  the decision must have been necessary to the judgment." *Aetna Cas. & Sur. Co.*,
7  220 Conn. at 296 (internal quotations and citations omitted).

8       A case that is dismissed for failure to join indispensable parties is not a
9  judgment on the merits and does not have any preclusive effect. *Univ. of Pittsburgh*
10 *v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) (citing *Hughes v.*
11 *United States*, 71 U.S. 232, 237 (1866); *Gilman v. Rives*, 35 U.S. 298, 301-02
12 (1836)). Here, the United States District Court for the District of Connecticut
13 dismissed the case for failure to join indispensable parties, which is not adjudication
14 on the merits. (ECF No. 17-1, Attachment 1, p. 32:15-17.) Thus, there is no
15 preclusive effect with regard to the prior judgment.

16      Moreover, "[i]n order for collateral estoppel to bar the relitigation of an issue
17 in a later proceeding, the issue concerning which relitigation is sought to be
18 estopped must be identical to the issue decided in the prior proceeding." *Aetna Cas.*
19 *& Sur. Co.*, 220 Conn. at 297. While the prior district court dismissed for failure to
20 join indispensible parties, the Court agrees that the court did not clearly find which
21 parties – the First Named Insureds or all named insureds – were indispensible.[8] For
22 that reason as well, the Court finds collateral estoppel does not apply here.
23 ///

24

---

25     [8] The parties do not address Connecticut law, but rather federal law. (Mot. at
26 p. 11; Opp. at p. 7.) However, under federal law, collateral estoppel also requires
that the first proceeding end with a final judgment on the merits and the issue
27 previously decided is identical to the one being re-litigated. *See Hydranautics v.*
28 *FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Defendant's Motion to Dismiss for Failure to Join Indispensable Parties. However, pursuant to Rule 19(a)(2) of the Federal Rules of Civil procedure, the Court **ORDERS** Plaintiff to file an amended complaint adding the absent insureds named in the two underlying actions, namely Lyon Realty Advisors, Inc., Lyon Management Group, Inc., Provence Apartments LLC, Deca, LP, and Midwest General, Inc.  Plaintiff will have 30 days from the date of this Order to file an amended complaint.

**IT IS SO ORDERED.**

**DATED:  December 30, 2014**

Hon. Cynthia Bashant
United States District Judge